IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Case No. 4:06 CV 00011 RRB



RECEIVED
APR 7 2006
CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

Melissia Hays

280 Bentley Drive

Fairbanks Alaska 99701

Phone 907 455 9378

Plaintiff,

v.

Defendant

THE STATE BANK OF WILEY, PROWERS COUNTY DISTRICT COURT And other parties as they become known.

---

PETITION TO VACATE VOID JUDGMENTS

STATE OF COLORADO

PROWERS COUNTY DISTRICT COURT CASE 87-C- 49

CASE 87 CV 64 AND 87 CV 119 combined.

---

1. Melissia Hays, by my diversity of citizenship being a Alaskan and being a minor owner of two head of springing first calf heifers and being in the custody of my mother was not given the right to defend my property, being totally deprived of my right to due process of law. Now having become owner

of a undivided 1/2 Interest of land and minerals which was taken from my father by the Prowers County District Court that lacked jurisdiction after the court was noticed to move the Case to Otero County where all the land is located, which my family values at more than Ten thousand Dollars per Acer. Which I purchased ½ interest with my Note for $100,000.00 and other good and valued consideration.

( A ) I am filing this Petition to this Court to Vacate the Void Judgment and the Void deed created by this 87-CV-49 case that could be a cloud to my good Deed

2. Judgments entered by STATE OF COLORADO PROWERS COUNTY DISTRICT COURT 87-CV-49 and 87-CV-64combined with 87-CV-119. Based upon the lack of subject matter jurisdiction, personal jurisdiction, of PROWERS COUNTY DISTRICT COURT Case 87-CV-49 after the court was noticed to move the case to OTERO COUNTY DISRTICT COURT, the location of all the land.. and Fraud perpetrated upon the PROWERS COUNTY DISTRICT COURT, by THE STATE BANK OF WILEY and their Lawyer John Lefferdink, by Absence of subject matter jurisdiction after Eldon Herschel Hays Challenged the venue of PROWERS COUNTY DISTRICT IN OPEN COURT Demanding under Colorado court Rule 98 that the case be removed to the Otero County District Court

    (A) This Petition is necessary to stop the unlawful and fraudulent actions done to Melissia Hays.

3. Melissia Hays' two head of cattle branded 4 on Right shoulder. The court was so noticed and my cattle were taken without service of process upon me and my mother, Florence Spitzer, the legal authority over me at that time, My cattle were sold and I was

not paid denying me due process of law.

    (A) Court please take Notice that my Step-Mother was brought into case 87-CV-64, without any notes or other obligations with the State Bank of Wiley but at least she was brought into the court. In Case 87-CV-64 Melissia Hays ( A Minor in custody of her mother ) had 2 white face springing first calf heifers. The Court was Noticed that the 2 cattle belonged to her, a minor child living with her mother. Melissia Hays was denied all due process of law, Was not made a party to the case. Her cattle were taken from her by Fraud and no payment was made to Melissia Hays. Damage to Melissia Hays is the loss of her cattle and their offspring for the last 19 years.

4. Melissa Hays, now an Adult and ALASKAN CITIZEN, an Adult (Since 1996), a resident with the right to due process of the law.

Melissia Hays petitions this court by right of Diversity of citizenship, as I am An Alaskan, to vacate a void judgment, of The State of Colorado, Prowers County District Court Cases 87-CV-49, 87-CV-64 combined with 87-CV-119. PROWERS COUNTY DISTRICT COURT had only the jurisdiction to move the Otero County land to OTERO COUNTY DISTRICT COURT after Eldon Hays noticed the court by written instrument and in open court noticing Judge Garth Nieschburg to move the case to OTERO COUNTY DISTRICT COURT. PROWERS COUNTY DISTRICT COURT CASES 87-CV-64 did not have jurisdiction or venue as the case should have been Otero County.

5. Attached is a copy of SUPERIOR DEED RECEPTION NO. 576631 ON 7/12/2000 to The following real property, situated in the County of Otero and State of Colorado, to-wit:

West Half ( W ½ ) of Section Seven (7), South Half of the Southeast Quarter ( S ½ SE 1/4 ) and Northeast Quarter of the Southeast Quarter ( NE 1/4 SE1/4 ) of Section Twenty (20); and the Northeast Quarter ( NE 1/4 ) of Section Twenty-nine (29), Township Twenty-four (24) South, Range Fifty-eight (58) West of the Sixth P.M. Otero County, Colorado.

Southeast Quarter of the Southwest Quarter (SE1/4 SW1/4) of Section Twenty-eight (28), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado. and the Northeast Quarter of the Northwest Quarter (NE1/4 NW1/4) of Section Thirty-three (33), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado.

SUPERIOR DEED RECEPTION NO. 576631 ON 7/12/2000

IN AFFIDAVIT FORM is made a part of this of this case and as positive proof that that THE STATE BANK OF WILEY WAS PAID OFF and had no cause for any action in any court.

(A) Had The State of Wiley had any proof that any part of The SUPERIOR DEED RECEPTION NO. 576631 ON 7/12/2000 was false they would have continued the criminal prosecution of Eldon Herschel Hays instead of having the District Attorney drop the Otero County District Court Case 2001 CR- 139 .(they are welcome to submit any evidence that they have to prove they did not commit the fraud) Based upon the true and correct facts stated in the SUPERIOR DEED under affidavit this court should accept the SUPERIOR DEED RECEPTION NO. 576631 ON 7/12/2000 positive proof. And Void The State of Colorado, Prowers County District Court Cases 87- CV- 49, and 87 -CV- 64 combined with 87 -CV -119.

6. Courts are constituted by authority, and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal To make a brief in affidavit form, the brief or affidavit itself must be attested to, THIS BRIEF IN SUPPORT MADE IN AFFIDAVIT FORMAND IS TRUE and is SWORN TO BY Melissia Hays

7. The real party of interest ( Melissa Hays ) and owner undivided ½ interest to The following real property, situated in the County of Otero and State of Colorado, to-wit:

West Half ( W ½ ) of Section Seven (7), South Half of the Southeast Quarter ( S ½ SE 1/4 ) and Northeast Quarter of the Southeast Quarter ( NE 1/4 SE1/4 ) of Section Twenty (20); and the Northeast Quarter ( NE 1/4 ) of Section Twenty-nine (29), Township Twenty-four (24) South, Range Fifty-eight (58) West of the Sixth P.M. Otero County, Colorado.

Southeast Quarter of the Southwest Quarter (SE1/4 SW1/4) of Section Twenty-eight (28), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado. and the Northeast Quarter of the Northwest Quarter (NE1/4 NW1/4) of Section Thirty-three (33), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado.

the above described property as evidenced by the attached Deed which was properly Recorded in Otero County Colorado

8.. Without the Melissa Hays or her mother (the proper party) before the Court, 87-CV-64 the Court lacked both personal jurisdiction and subject matter jurisdiction.

9. Where the Court lacked jurisdiction to hear the case, any and all

decisions of the Court are Void, and must be Vacated.

10. The Court's decision was made without any jurisdiction, and was based entirely on Fraudulent documents and claims made by the attorneys representing THE STATE BANK OF WILEY as proven in the SUPEIOR DEED attached.

11. "Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process," U.S.C.A. Const. Amend. 12 - Triad Energy Corp. v. McNeil 110 F.R.D. 382 (S.D.N.Y. 1986), and "Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process," Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 - Klugh v. U.S., 620 F.Supp. 892 (D. S.C. 1985).

AUTHORITIES

13. A void judgment is one that has been procured by extrinsic or collateral fraud or entered by a court that did not have jurisdiction over the subject matter or the parties. Rook v. Rook, 233 Va. 92,95,353 S.E.2d 756,758 (1987)

14. A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court", WAYNE MUTUAL. ASSOC. v. McDONOUGH, 204 U. S. 8,27 S. Ct. 236 (1907).

15. "Jurisdiction can be challenged at any time." Basso v. Utah Power & Light Co. 495 F 2d 906, 910.

16. "Once challenged, jurisdiction cannot be assumed, it must be proved

toexist. " Stuck v. Medical Examiners 94 Ca 2d 751.211 P2d 389.

17. "Statements of counsel in brief or argument are not facts before the court. Statements of counsel in brief or in argument are not sufficient for a motion to dismiss or for summary judgment", Trinsey v. Pagliaro. D.C. Pa. 1964,229 F. Supp. 647.

18. "The real party in interest is the person entitled to the avails of the suit."Skinner v.Skinner, 38 Neb. 756, 57 N. W. 534

19. "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York 37 F Supp. 150

20. "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." 100 S. Ct. 2502 (1980)

21. The Supreme Court also ruled that it is a fact of law that the person asserting jurisdiction must, when challenged prove that jurisdiction exists. See McNutt v. G.M., 56 S.Ct. 789, 80 L.Ed. 1135; and Thompson v. Gaskiel, 62 S.Ct. 673,83 L.Ed. 111.

22. The Supreme Court held that jurisdiction is never a cause and prejudice issue and can be raised at anytime. Bender v. Williamsport Area School Dist.,475 U.S. 534, 541; 106 S.Ct.1326, 1331, 89 L. Ed. 2d 501 (1986).

23. All officers of the court for The State of Colorado Prowers County District are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519-421, and Platsky v. C.I.A.

953 F.2d. 25.

24. Since a void order has no legal force or effect there can be no time limit within which to challenge the order or judgment. Further, since the order has no legal force or effect, it can be repeatedly challenged, since no judge has the lawful authority to make a void order valid.

25. Bates v. Board of Education, Allendale Community Consolidated School District No. 17, 136 Ill.2d 260, 267, (1990) ( a court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." ); People ex rel. Gowdy v. Baltimore & Ohio R.R. Co., 385 Ill. 86, 92, 52,N.E. 2d 255 (1943).

NO RESTRICTION ON VENUE TO VACATE A VOID ORDER

26. It is clear and well established law that a void order can be challenged in any court. Old Wayne Mut. L. Assoc. v McDonough, 204 U.S. 8, 27 s. ct. 236 (1907) ("jurisdiction of any court exercising authority over a subject may be inquired into in every other court when the proceedings in the former are relied upon and brought before the latter by a party claiming the benefit of such proceedings. And the rule prevails whether the decree or judgment has been given, in a court of admiralty, chancery, ecclesiastical court, or court of common law, or whether the point ruled has arisen under the laws of nations, the practice in chancery, or the municipal laws of states."); In re Marriage of Macino, 236 Ill. App. 3d 886 (2nd Dist. 1992) (if the order is void, it may be attacked at any time in any proceeding,"); Evans v. Corporate Services, 207 Ill. App3d 297, 565 N.E. 2d 724 (2nd Dist. 1990) ("a

void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally"); Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill.App.2d 385, 197 N.E. 2d 73, 77 (lst Dist. 1964) ("that judgment is void and may be attacked at any time in the same or any other court, by the parties or by any other person who is affected thereby.). (Emphasis added).

NO RESTRICTION ON TIME TO VACATE A VOID ORDER

27. It is also clear and well established law that a void order can be challenged in any court at any time. People v. Wade, 116 Ill.2d 1, 506 N.E. 2d 954 (1987) ( A void judgment may be attacked at any time, either directly or collaterally."); In re Marriage of Macino, 236 Ill.App. 3d 886 (2nd Dist. 1992) ("if the order is void, it may be attacked at any time in any proceeding, "; Evans v. Corporate Services, 207 Ill. App.3d 297, 565 N. E. 2d 724 (2nd Dist. 1990) ("a void judgment, order of decree may be attacked at any time or in any court, either directly or collaterally"). (Emphasis added).

SUMMARY

28. In Summary, the Court has a duty to protect the rights and property of individuals, and to ignore the Fact that the Real Party of Interest was not before the Court is absurd.

29. If the real party of interest (Melissa Hays) had been made a part of the proceeding, she could have then proved that the cattle were hers. And THE STATE BANK had no rightful claim to her cattle.

CONCLUSION

30. The rule of law requires vacation of the judgment in Case No. 87 CV 49, Case 87-CV- 64 combined with 87 -CV –119 judgments voided , and compensating Melissa Hays for the costs of bringing this action.

31. That Melissia Hays be compensated for her cattle and the offspring of the cattle.

I, Melissia Hays, affirm that to the best of my knowledge, information, and belief formed after reasonable inquiry, and grounded in Fact and existing law that the argument for Vacation of a Void Judgment is justified and is not interposed for any improper purpose, such as to cause unnecessary delay or a needless increase in the cost of litigation.

Respectfully submitted on this ____ day of April, 2006

_____
Melissa Hays
289 Bentley Drive

Fairbanks Alaska 99071

Phone 907 455 9378

Before we / us, the undersigned, Alaskan Citizens in and for the County of __Fairbanks Northstar Borough__

and State of __Alaska__ on this __2__ day of April, 2006, personally appeared Melissa Hays known to be the identical persons who executed the within and foregoing instruments and acknowledged to me that they executed the same as their free and voluntary act.

Given under our hand and seal the day and year last written above.

_____   Nora Theola Bird
Witnessed By                                         404 Craig Ave.
                                                              Fairbanks, Alaska 99701

_Donna Bowman_                              Donna Bowman
Witnessed By                                         6004 Old Valdez Tr.
                                                              Salcha, Alaska 99714



576831 07/12/2000 10:47A B1013 P94 S. SISNROY
1 of 2 R 10.00 D 0.00 Otero County, CO

## SUPERIOR DEED

This Superior Deed Made on this 12th Day of July, 2000 between, Eldon Hays owner in possession of property, of the county of Otero, state of Colorado the first party, for the consideration of 20 Silver Dollars **$20.00** and other consideration, that further consideration being that, no right title or interest can pass from Eldon Hays by any court action from any other county court as stated in C.R.S. Rule 98 a, all actions affecting Title to real property in Otero County must be a Otero County District Court Action, Rule 98, and made a part of this superior deed. Superior to Quit Clam Deed made On the 16th day of May 1988 to Clerk of the District, Prowers County, Colorado Recorded Book **822 Page 402 filed** in the Records of Otero County, Colorado, on September 21, 1988 Reception No. 517832 Said Quit Claim Deed made without consideration and with threat, duress and coercion, is void and can not pass title to real property pursuant to C R S Court Rules 98 a and 120 f, Action was not held in Otero County District Court a requirement to pass effect title. SEE RECEPTION NO. 571270 08/12/1999 Book 991 Page 466 Fully incorporated into and made a part of this Superior Deed. As is Reception No. 571269 08/12/1999 Book Page 458 As is Null charter Quit Claim Deed Reception No. **521841 Book 831 Page 549 Fully** incorporated into and made a part of this Superior Deed. Said Quit Claim Deed is void and can not pass title to real property pursuant to above C R S court rule 98 a, Action was not held in Otero County District Court a requirement to effect title. Frauds can not pass good Title to West ½ Section 7 TWP 24 S, Range 58 Otero County lawful title could not pass even though a C R S Court Rule 120 allows a action to be filed in a County which the property is not located but that Court has no Jurisdiction when the defendant contest the venue of that court, and as in Prowers County District Court Case 87-CV- 49 that venue was contested by defendant Eldon Hays and Prowers County District had no jurisdiction after venue was contested to order the sale of that Eldon Hays property located in Otero County and the only that court could take was action to move case 87 CV 49 to Otero County District Court as Required. See C R S Court Rule 120, See First 4 Pages of Transcript Dated April 6 & 9, 1987 Further Dennis Smith Otero County Treasurer furthered the FRAUD by conducting FORCLOSUER SALE 220 Dated 5-15-87, nor Prowers Colorado District Court have jurisdiction to approve the sale, Dennis Smith neglect his duty by not being present at PROWERS COUNTY DISTRICT COURT AND SHOULD HAVE KNOWN THAT THE JURRISDICTION AND VENUE WAS CHALLENGED BY DEFENDANT Eldon Hays, AND THERE WAS NO JURISDICTION TO PROCEED OTHER THAN FOR PROWERS COUNTY DISTRICT COURT TO MOVE THE CASE 87 CV 49 TO OTERO COUNTY DISTRICT COURT therefore all actions by Dennis Smith TREASUER of OTERO COUNTY and PROWERS COUNTY DISTRICT COURT WITHOUT JURRISDICTION ARE NULL AND VOID. SEE VENUE RULE 120 (f) IN PART However in any proceeding under this Rule, if a response is filed, and if in the response or in any other writing filed with the court, the responding party request a change of venue to the county in which the encumbered property or a substantial part thereof is situated, the court shall order transfer to such county.

page 1 of 2



576831 07/12/2000 10:47A B1013 P95 S. SISNROY
2 of 2 R 10.00 D 0.00 Otero County, CO

Eldon Hays did this. The PROWERS COUNTY DISTRICT CASE 87 CV 49 was without any jurisdiction after Eldon Hays contested venue and all proceedings by that court are without jurisdiction and are VOID. Further $8,525.00 check on account 115=166 from cash deposit made on July 1, 1985 was PAID to the STATE BANK OF WILEY ON JULY 11, 1985 was not credited to foreclosed note and proceeds from sale of Eldon Hays Lot 19 Blk. 19, Town of Wiley to Larry and Linda Mosher on July 12, 1985 in the amount OF $9,000.00 were not paid to Eldon Hays nor credited to Note secured by Deed of Trust Book 773 Page 306.

The above mentioned facts are made part of this Superior Deed and are a Affidavit by the signature true and correct to the best of my knowledge, and are fully warranted and will be defended with this deed To Second Party Eldon Herschel Hays. The party of First part hereby sell and convey to the second Eldon Herschel Hays and by this SUPERIOR DEED with all right, title and undivided interest to Eldon Herschel Hays the second part.

The following real property, situated in the County of Otero and State of Colorado, to-wit:

West Half ( W ½ ) of Section Seven (7), South Half of the Southeast Quarter ( S ½ SE 1/4 ) and Northeast Quarter of the Southeast Quarter ( NE 1/4 SE1/4 ) of Section Twenty (20); and the Northeast Quarter ( NE 1/4 ) of Section Twenty-nine (29), Township Twenty-four (24) South, Range Fifty-eight (58) West of the Sixth P.M. Otero County, Colorado.

Southeast Quarter of the Southwest Quarter (SE1/4 SW1/4) of Section Twenty-eight (28), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado. and the Northeast Quarter of the Northwest Quarter (NE1/4 NW1/4) of Section Thirty-three (33), Township Twenty-four (24) South, Range Fifty-eight (58) West of the 6th P.M. Otero County, Colorado.

With all its appurtenances, and good superior title.

Signed and delivered this 12th day of July, 2000

_____Eldon Hays_____ (SEAL)
Eldon Hays

State of Colorado
County of Otero

The foregoing instrument was acknowledged before me this 12th day of July 2000 by Eldon Hays. Witness my hand and official seal.
My commission expires
4-22-02

_____Mary Ann Kessler_____
Notary Public